

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

June 10, 2004

Mr. John A. Wells
Executive Director
Texas Military Facilities Commission
2200 West 35th Street, Building 64
Austin, Texas 78703

Opinion No. GA-0200

Re: Whether Government Code section 435.013(a) grants exclusive authority to the Texas Military Facilities Commission to construct, repair, and maintain facilities on its property (RQ-0147-GA)

Dear Mr. Wells:

You ask whether Government Code section 435.013(a) grants exclusive authority to the Texas Military Facilities Commission (the "Commission") to construct, repair, and maintain facilities on its property.[1] *See* TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998).

## I. Background

You ask two questions concerning the Commission's authority in relation to the authority of the Adjutant General's Department (the "Department"). The legislature established the Commission in 1935 as the Texas National Guard Armory Board "to administer a state program to build and maintain National Guard armories."[2] Government Code chapter 435 now governs the Commission's authority. *See id.* §§ 435.001-.048 (Vernon 1998 & Supp. 2004). Although renamed in 1997, the Commission's duty to construct and maintain National Guard armories has not changed.[3]

The Department's authority is governed by Government Code chapter 431. The Adjutant General, who "controls the military department of the state" and is the head of the Department, is "subordinate only to the governor in matters pertaining to the military department of the state and

---

[1]*See* Letter from Mr. John A. Wells, Executive Director, Texas Military Facilities Commission, to Honorable Greg Abbott, Texas Attorney General (Dec. 12, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]TEXAS SUNSET ADVISORY COMMISSION, STAFF REPORT, ADJUTANT GENERAL'S DEPARTMENT/NATIONAL GUARD ARMORY BOARD 31 (1996); *see also* Act of May 7, 1935, 44th Leg., R.S., ch. 184, 1935 Tex. Gen. Laws 462.

[3]*Compare* Act of May 7, 1935, 44th Leg., R.S., ch. 184, 1935 Tex. Gen. Laws 462, *with* TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998).

the state military forces." *Id.* § 431.022(a) (Vernon Supp. 2004).[4] The "state military forces" include "the Texas National Guard, the Texas State Guard, and any other active militia or military force organized under state law." *Id.* § 431.001(3) (Vernon 1998).

## II.  Analysis

Your first question involves a 1988 attorney general opinion. You explain that although the Commission had express authority under section 435.013 to acquire, construct, rent, control, maintain, and operate armories in Texas, Attorney General Opinion JM-885 concluded that its "authority was 'not necessarily exclusive,'" Request Letter, *supra* note 1, at 1, because the Adjutant General's broad powers under chapter 431 provided "implied authority to build, maintain, and repair buildings necessary to carry out his responsibilities." Tex. Att'y Gen. Op. No. JM-885 (1988) at 4. You point out that in 1997 the legislature amended section 435.013 to provide the Commission with "exclusive authority" over certain matters. *See* TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998). You ask whether "the 1997 amendment to section 435.013 . . . effectively repeal[ed] that portion of JM-885 which concluded that the Adjutant General possessed 'implied authority to build, maintain, and repair buildings necessary to carry out his responsibilities.'" Request Letter, *supra* note 1, at 2.

Prior to its amendment in 1997, Government Code section 435.013(a) provided:

> The [Texas National Guard Armory Board] is a public authority and a body politic and corporate and has all powers necessary for the acquisition, construction, rental, control, maintenance and operation, of Texas National Guard or Texas State Guard armories, including all property and equipment necessary or useful in connection with the armories.

Act of Apr. 30, 1987, 70th Leg., R.S., ch. 147, § 1, sec. 435.013, 1987 Tex. Gen. Laws 316, 475-76. In concluding that the Commission's authority under this statute was not exclusive, Attorney General Opinion JM-885 reasoned that a

> brief summary of important provisions governing the Armory Board shows its close connection with the [Department]. . . . Although the Armory Board has express power to construct buildings for the National Guard, it does not necessarily have exclusive power over construction. The adjutant general has broad powers which, in our opinion, include implied authority to build, maintain, and repair buildings necessary to carry out his responsibilities.

Tex. Att'y Gen. Op. No. JM-885 (1988) at 4.

---

[4]The Department was initially established to coordinate volunteer forces. The Department "continued after statehood in 1845 and was redefined by the Legislature in 1905 to reflect its responsibility over the National Guard, which today consists of both Army and Air Guards." TEXAS SUNSET ADVISORY COMMISSION, STAFF REPORT, ADJUTANT GENERAL'S DEPARTMENT/NATIONAL GUARD ARMORY BOARD 15 (1996).

In 1997, the legislature amended chapters 431 and 435 in response to Sunset Advisory Commission recommendations. Senate Bill 352 amended chapter 435, and Senate Bill 353 amended chapter 431. The legislature's amendments to chapter 431 did not affect JM-885's analysis of the Department's authority, but an amendment to chapter 435 affects JM-885. As you point out, that amendment added the following language to section 435.013: "The commission is *the exclusive authority* for the construction, repair, and maintenance of National Guard armories, facilities, and improvements owned by the state located on commission property." TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998) (emphasis added). The use of the word "exclusive" appears to be a direct response to JM-885. Although JM-885 is not mentioned in the legislative history, a bill analysis states that Senate Bill 352 "clarifies that [the Commission] is the 'sole authority' for the construction, maintenance, repair and disposition of National Guard facilities located on [Commission] property." HOUSE COMM. ON STATE FEDERAL & INTERNATIONAL RELATIONS, BILL ANALYSIS, Tex. S.B. 352, 75th Leg., R.S. (1997). The amendment's plain language and the bill analysis indicate that the legislature intended to give the Commission exclusive authority for the construction, repair, and maintenance of state-owned facilities on Commission property. To the extent that Attorney General Opinion JM-885 concludes that the Commission's power to construct, repair, and maintain facilities on its property is not exclusive, it is superseded by the 1997 amendment.

We emphasize, however, that the 1997 amendment specifies that the Commission's exclusive authority is limited to facilities located on *Commission property*. Chapters 431 and 435 distinguish between Department-controlled and Commission property. Section 431.030, which pertains to property under the Department's control, provides that the Department, on behalf of the state, may lease property from the Commission and may transfer "all or part of a state-owned Texas National Guard camp and the land, improvements, [and] buildings . . . to the . . . Commission for administration, sale, or other proper disposal." TEX. GOV'T CODE ANN. § 431.030(a), (c) (Vernon 1998). Section 435.021 authorizes the Commission to acquire and manage property:

> (a) The commission by gift, lease, or purchase may acquire real and personal property, including leasehold estates in real property, for use for any purpose the commission considers necessary in connection with the Texas National Guard or for the use of units of the Texas National Guard.

> . . . .

> (c) The commission may hold, manage, maintain, lease, or sell its property and may pledge all or part of the rents, issues, and profits of the property.

*Id.* § 435.021(a), (c). Section 435.022 provides that the Commission "may construct buildings on its real property." *Id.* § 435.022(a). The Commission may also "construct a building on land comprising a state camp" but "only on a site selected and described by a board of officers" who have been selected by the Department. *Id.* § 435.022(b). Section 435.022 further provides that "[i]f *the commission constructs a building* on the site selected and described, the site becomes the property

of the commission for all purposes of this chapter as if the site had been acquired by gift to or purchase by the commission." *Id.* § 435.022(b) (emphasis added).[5] When Commission property is "fully paid for and free of liens, and all obligations incurred in connection with the acquisition and construction of the property have been fully paid," the Commission "may donate and transfer the property to the state by appropriate instruments of transfer." *Id.* § 435.024.

Other statutes also recognize the distinction between Commission and Department property. *See, e.g., id.* §§ 435.023(a) (authorizing the Commission to lease a Commission building or site to the state pursuant to a lease executed by the Adjutant General), 435.025(a) (authorizing the Commission to dispose of surplus real property owned by the Commission), 435.025(b) (authorizing the Commission to receive from the Adjutant General and to administer or dispose of a state-owned national guard camp); TEX. NAT. RES. CODE ANN. § 31.156(a) (Vernon Supp. 2004) (the General Land Office "shall review the real property inventory of each state agency not less than every four years"), (e) ("In any year that the division will evaluate real property under the management and control of the [Department] or the [Commission], the division shall notify the [Department] and the [C]ommission" before the evaluation begins).

The Commission's exclusive authority under the 1997 amendment to section 435.013(a) is limited to the construction, repair, and maintenance of facilities owned by the state on Commission property. *See* TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998). Thus, the 1997 amendment does not affect Attorney General Opinion JM-885's conclusion with respect to the Department's authority over the construction, repair, and maintenance of facilities located on other property.

You next ask about section 2165.007 of the Government Code, which was enacted in 2003 by the Seventy-eighth Legislature in House Bill 3042. Section 2165.007 requires the Texas Building and Procurement Commission (the "TBPC") to provide management services with respect to certain state facilities:

> (a) In this section, "facilities management services" means any state agency facilities management service that is not unique to carrying out a program of the agency. The term includes services related to facilities construction, facilities management, general building and grounds maintenance, cabling, and facility reconfiguration.

> (b) Notwithstanding any other law, the commission shall provide facilities management services in relation to all state agency facilities in Travis County or a county adjacent to Travis County. The commission's duty does not apply to:

---

[5]*See also* SUNSET ADVISORY COMMISSION, STAFF REPORT, ADJUTANT GENERAL'S DEPARTMENT/NATIONAL GUARD ARMORY BOARD 32 (1996) ("[i]n addition to armory construction, [the Commission] maintains . . . 106 armories on state land [and] also maintains seven armories located on federal land through interagency agreement with [the Department]").

(1) a facility owned or operated by an institution of higher education;

(2) *military facilities*[.]

TEX. GOV'T CODE ANN. § 2165.007 (Vernon Supp. 2004) (emphasis added). You ask whether "the exclusion of military facilities from the [TBPC's] duty imposed by [House Bill] 3042 expressly or impliedly vest[s] in the Adjutant General's Department the authority to enter into construction, repair, or maintenance cont[r]acts on property described in Section 435.013." Request Letter, *supra* note 1, at 2.

Section 2165.007 requires the TBPC to "provide facilities management services in relation to all state agency facilities in Travis County or a county adjacent to Travis County," but "does not apply to . . . military facilities." TEX. GOV'T CODE ANN. § 2165.007(b)(2) (Vernon Supp. 2004). Although no Texas statute defines the term "military facilities," the term "military" clearly refers to the state military forces such as the Texas National Guard. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 431.001(3) (Vernon 1998) ("'[s]tate military forces' means the Texas National Guard, the Texas State Guard, and any other active militia or military force organized under state law"), 432.001(9) (Vernon Supp. 2004) ("'[m]ilitary' refers to all or part of the state military forces"); *see also id.* § 311.011(b) (Vernon 1998) ("[w]ords . . . that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly"). "Facility" is a broad term that is generally understood to mean "something . . . that is built, installed, or established to serve a particular purpose." MERRIAM WEBSTER COLLEGIATE DICTIONARY 416 (10th ed. 1993); *see also* THE NEW OXFORD AMERICAN DICTIONARY 606 (2001) (defining "facility" as "an establishment set up to fulfill a particular function or provide a particular service"); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage"). Texas law indicates that Department-controlled and Commission property is regarded as state military property distinct from other state property. *See, e.g.,* TEX. NAT. RES. CODE ANN. § 31.156(a) (Vernon Supp. 2004) (providing for special inventory of real property under the management and control of the Department or the Commission); TEX. GOV'T CODE ANN. § 431.030(e) (Vernon 1998) (Department required to "produce a report evaluating the military use of any real property under the management and control of the [Department] or the [Commission]"). Clearly, the term "military facilities" in section 2165.007 includes facilities such as armories located on Commission property.

You ask whether the exclusion of military facilities from section 2165.007 vests the Department with authority to enter into construction, repair, or maintenance contracts on property described in section 435.013(a). *See* Request Letter, *supra* note 1, at 2. Section 435.013(a) expressly grants the Commission exclusive authority with respect to the construction, repair, and maintenance of facilities on Commission property. *See* TEX. GOV'T CODE ANN. § 435.013(a) (Vernon 1998). In addition, the Commission is expressly authorized to "enter into contracts in connection with any matter within its purposes or duties." *Id.* § 435.013(b)(2). The exclusion of military facilities from the TBPC's duty to manage state facilities under section 2165.007 does not authorize the Department to enter construction, repair, or maintenance contracts that are within the Commission's exclusive authority under section 435.013(a).

## S U M M A R Y

A 1997 amendment to Government Code section 435.013(a), which gives the Texas Military Facilities Commission exclusive authority for the construction, repair, and maintenance of state-owned facilities located on Commission property, partially supersedes Attorney General Opinion JM-885 (1988). The exclusion of military facilities from the Texas Building and Procurement Commission's duty to manage certain state facilities under section 2165.007 of the Government Code does not authorize the Adjutant General's Department to enter construction, repair, or maintenance contracts that are within the Texas Military Facilities Commission's exclusive authority under section 435.013(a).

Attorney General Opinion JM-885 (1988) is superseded to the extent it is inconsistent with this opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary Crouter
Assistant Attorney General, Opinion Committee